United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEX PERALES, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-4897 |
| | § | |
| CHARLIE'S PLUMBING, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## ORDER

The Court has before it the Motion to Dismiss filed by the Defendant Charlie's Plumbing, Inc. (hereinafter "Defendant" or "Charlie's"). (Doc. No. 8). Plaintiff, Alex Perales, ("Plaintiff" or "Perales") has filed a response in opposition (Doc. No. 16), to which Defendant has replied. (Doc. No. 17). For the reasons stated below, the Court **GRANTS** Defendant's motion and **DISMISSES** this case with prejudice.

### I.    Background

Perales filed this suit against Charlie's claiming violations of the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). He alleges that he worked for Charlie's as a Purchasing Manager from February 2024 until July of 2024. In June of 2024, Perales apparently suffered multiple medical emergencies related to hypertension. His symptoms included difficulty in concentrating, stress intolerance, disrupted sleep, and anxiety. He now thinks these problems may have been related to undiagnosed ADHD and/or PTSD.

Ultimately, Charlie's terminated Perales on July 12, 2024. While the termination letter contained no reason for the firing, Charlie's apparently told the Texas Workforce Commission that Perales was behind on his work. Plaintiff denies that this was the case. Eventually Plaintiff filed

an EEOC claim, and it issued him a right to sue letter on July 9, 2025. It is the timing of the receipt of this letter and the filing of this lawsuit that is at issue here.

## II.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

2

### III.    Analysis

#### A.  The ADA Claim

The law requires that a plaintiff must file his or her lawsuit within 90 days of receiving a Notice of a Right to Sue ("NRTS"). 42 U.S.C. § 2000e-5(f)(1). The 90-day period starts when the plaintiff or his counsel receives the NRTS, not the date when it was actually issued. *Bernstein v. Maximus Fed. Servs. Inc.*, 63 F.4th 967, 969 (5th Cir. 2023) (per curium).

In the instant case, the EEOC issued the NRTS on July 9, 2025. The EEOC then made the letter available to Plaintiff and his counsel the next day on July 10, 2025. The uncontested record demonstrates that either the Plaintiff or his lawyer downloaded the letter that very same day. Therefore, it cannot be contested that the 90-day clock started ticking on July 10, 2025.

The notice in question sets out this 90-day requirement in no uncertain language:

> This is official notice that the EEOC has dismissed your charge and has issued your notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.

(Doc. No. 8-2) (emphasis in original).[1]

The law is clear that a plaintiff must file his ADA claim within 90 days of receipt of the NRTS. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015); *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Courts are required to dismiss claims that are not timely filed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Since the NRTS was received on July 10, 2025, the 90-day time period ended on October 8, 2025. Plaintiff did not file his lawsuit until October 14, 2025—96 days after the receipt of the NRTS.

---

[1] The Court may take, and hereby does take, judicial notice of the contents of the EEOC file contained in Exhibits 1, 2, and 3 of Docket Number 8.

Perales claims that he acted in good faith and on the legal advice of his counsel. He claims that he was told by counsel that he had 90 days to file the lawsuit from the date the NRTS was "issued." If true, that would have made the filing deadline October 7, 2025, instead of October 8, 2025. Thus, his filing on October 14, 2025, would have been seven days late instead of six. If, in fact, Plaintiff was misled by his attorney, that does not relieve him of compliance with the statutory requirements. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239–40 (5th Cir. 2010).

He also claims that he counted the days using the starting date as the day he received the NRTS from his lawyer which was July 14, 2025. If this were the rule, the 90th day would have been October 12th (a Sunday) followed by October 13th (a federal holiday) which would make the 14th the 90th day; but this is not the rule, and the Complaint had to be filed by October 8, 2025.

Lastly, Plaintiff attempts to argue that the late filing was excused because he actually mailed the Complaint on October 8, 2025. Despite this attempt to introduce a "mailbox" rule into employment law, the Federal Rules of Civil Procedure state that "a civil action is commenced by filing a complaint with the court"—not mailing a Complaint. Fed. R. Civ. P. 3. A paper not filed electronically is filed by delivering it to the courthouse. Fed. R. Civ. P. 5. The mailbox rule does not apply here.

The ADA claim must be dismissed.

### B. The FMLA Claim

Plaintiff's other claim is that the Defendant violated his FMLA rights. The Defendant moves to dismiss this claim because he had no such rights as he was ineligible. To be an eligible employee under the FMLA one must: 1) have been employed by the employer for at least 12 months; and 2) have worked at least 1,250 hours during that 12-month period. *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 903 (5th Cir. 2020) (per curium) (unpublished). Plaintiff's

4

Complaint pleads neither prong. In fact, in his Complaint Perales affirmatively pleads that he only worked for Charlie's from February 2024 to July 12, 2024, a period of less than six months. Since his Complaint clearly demonstrates that he is not eligible to make an FMLA claim, it must be dismissed.

## IV.    Conclusion

The Court finds that this lawsuit must be dismissed by statute. Plaintiff is not able to sustain either of his claims. The ADA claim was not filed timely, and he is not eligible to make an FMLA claim. While this Court often allows plaintiffs to replead—especially if they are proceeding *pro se*—in this instance, there are no facts that Perales can plead that can change either result.

Therefore, Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED**, and the Court **DISMISSES** this case with prejudice.

It is so ordered.

Signed on this the ___ day of July, 2026.

Andrew S. Hanen
United States District Judge